# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **SHAVARA DIXON,** | § |
| *Plaintiff,* | § |
| | § |
| **V.** | § CIVIL ACTION NO. _____ |
| | § |
| | § |
| **ROBERTS OBRIEN, JR. AND** | § |
| **JONES TRANSPORTATION, INC.,** | § |
| *Defendants.* | § |

## *INDEX OF STATE COURT FILE*

| TAB | FILED | DOCUMENT |
|---|---|---|
| 1. | 04/22/2011 | Civil Case Information Sheet |
| 2. | 04/22/2011 | Plaintiff's Original Petition and First Set of Discovery |
| 3. | 04/27/2011 | Receipts for Filing Fees |
| 4. | 06/28/2011 | Notice of Status Conference |
| 5. | 07/05/2011 | Correspondence from Plaintiff's Counsel to Court re: Final Disposition Hearing |
| 6. | 07/21/2011 | Notice of Status Conference |
| 7. | 07/22/2011 | Citation, Return of Service, and Statement of Cost pertaining to service of Defendant Jones Transportation, Inc. |

# EXHIBIT 1

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __11-05253__ COURT *(FOR CLERK USE ONLY):* __101st-E__

STYLED SHAVARA DIXON V. ROBERTS OBRIEN, JR AND JONES TRANSPORTATION, INC.
*(e.g. John Smith v All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Jon Godoy, Esq.<br>The Corea Firm | Email:<br>jgodoy@corealaw.com<br>Telephone:<br>214 953-3900 | Plaintiff(s)/Petitioner(s):<br><br>Shavara Dixon | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>1201 Elm Street, Ste. 4150 | Fax:<br>214 953-3901 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Dallas, TX 75270 | State Bar No:<br>24055558 | Defendant(s)/Respondent(s):<br><br>Roberts Obrien, Jr.<br>Jones Transportation, Inc. | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature | | *(Attach additional page as necessary to list all parties)* | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions<br>(non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability: _____<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>_____<br>☐ Other Injury or Damage.<br>_____ | ☐ Other Property:<br>_____<br><br>**Related to Criminal<br>Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: _____ | *Title IV-D*<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other _____ | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __11-05253__   COURT *(FOR CLERK USE ONLY):* __101st-B__

FILED

STYLED SHAVARA DIXON V. ROBERTS OBRIEN, JR AND JONES TRANSPORTATION INC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

DISTRICT CLERK

DALLAS CO. TEXAS

11 APR 27

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Jon Godoy, Esq<br>The Corea Firm | Email:<br>jgodoy@corealaw.com | Plaintiff(s)/Petitioner(s)<br><br>Shavara Dixon | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other |
| Address:<br>1201 Elm Street, Ste. 4150 | Telephone:<br>214-953-3900 | Defendant(s)/Respondent(s) | Additional Parties in Child Support Case |
| City/State/Zip:<br>Dallas, TX 75270 | Fax:<br>214-953-3901 | Roberts Obrien, Jr<br>Jones Transportation, Inc | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature | State Bar No:<br>24055558 | *(Attach additional page as necessary to list all parties)* | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract | Liability<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product<br>—<br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _11-05253_ COURT *(FOR CLERK USE ONLY):* **101st-E**

FILED

STYLED SHAVARA DIXON V. ROBERTS OBRIEN, JR AND JONES TRANSPORTATION, INC.
(e.g., John Smith v All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

DALLAS CO. TEXAS

DISTRICT CLERK

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Jon Godoy, Esq. The Corea Firm | Email: jgodoy@corealaw.com | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ |
| | Plaintiff(s)/Petitioner(s): Shavara Dixon | |
| Address: 1201 Elm Street, Ste. 4150 | Telephone: 214-953-3900 | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75270 | Fax: 214-953-3901 | Custodial Parent: _____ |
| | | Non-Custodial Parent: _____ |
| Signature: | State Bar No: 24055558 | Presumed Father: _____ |
| | Defendant(s)/Respondent(s): Roberts Obrien, Jr Jones Transportation, Inc. [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☒Debt/Contract ☒Fraud/Misrepresentation ☐Other Debt/Contract | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: _____ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: _____ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract | ☒Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: _____ | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | ☐Other Injury or Damage: _____ | | | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: _____ | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

# EXHIBIT 2

*11-05253* 101st-E



FILED
2011 APR 22 PM 3: 27
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

**THE COREA FIRM, PLLC**

RENAISSANCE TOWER
The Forty First Floor
1201 Elm Street, Suite 4150
Dallas, Texas 75270

Claudia Jackson                                          T: 214.953.3900
cjackson@corealaw.com                                    F: 214.953.3901

April 20, 2011

**VIA FIRST CLASS MAIL**

Clerk of the Court
Dallas County District Clerk
600 Commerce, Suite 101
Dallas, Texas 75202

    Re:   *Shavara Dixon v. Roberts Obrien, Jr. and Jones Transportation*

Dear Clerk of the Court:

    Enclosed are the original and two copies of Plaintiff's Original Petition prepared in the above-referenced matter. Please file the original with the Court and return a file-marked copy to our office. Also, please issue two citation s on Defendants, Roberts Obrien, Jr. and Jones Transportation, Inc. for service, and forward to our office so service may be completed.

    Our check in the amount of $225.00 is enclosed which represents payment of the filing fee and issuance of one citation. Also enclosed please find two self-addressed stamped envelopes for your convenience.

    If you have any questions or need any additional information, please feel free to contact me.

                    Best regards,

                    Claudia Jackson
                    Paralegal

/cjj
Enclosures

*2 cut*
*mail*

**ORIGINAL**

CAUSE NO. _____ *11-05253*     **FILED**

2011 APR 22 PM 3:27

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | GARY FITZSIMMONS |
| | § | DISTRICT CLERK |
| | § | DALLAS CO., TEXAS |
| v. | § | |
| | § | DALLAS, COUNTY, TEXAS DEPUTY |
| ROBERTS OBRIEN, JR. AND JONES | § | SANDRA LANTZ |
| TRANSPORTATION, INC., | § | |
| Defendants. | § | 101st E. JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Shavara Dixon ("Plaintiff") files this Original Petition against Roberts Obrien, Jr. ("Defendant Obrien") and Jones Transportation, Inc. ("Defendant Jones"), and for cause of action would respectfully show the Court as follows:

### I.      DISCOVERY

1.      Pursuant to Rule 190.3, Plaintiff hereby alleges that discovery will be conducted pursuant to Level 2.

### II.      PARTIES AND SERVICE OF PROCESS

2.      Plaintiff is an individual who resides in Dallas, Dallas County, Texas.

3.      Defendant Obrien is an individual who is a nonresident of Texas, who may be served with process at his place of residence at 505 Five Points Road, Milner, Georgia 30257.

4.      Defendant Jones is a foreign corporation organized and existing under the laws of the State of Georgia, whose principal office is located at 5300 Kennedy Road, Forest Park, Georgia 30297 and may be served with process by serving its registered agent, Jones Transportation, Inc. at that address.

### III.      JURY DEMAND

5.      Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial on all issues triable by a jury.

**PLAINTIFF'S ORIGINAL PETITION - Page 1 of 8**

## IV.    JURISDICTION AND VENUE

6.      Pursuant to Section 24.007 of the Texas Government Code, this Court has jurisdiction over the subject matter of this cause. The amount in controversy is within the minimum jurisdictional limits of this Court.

7.      Pursuant to Section 17.042 of the Civil Practice & Remedies Code, this Court has jurisdiction over Defendant Obrien and Defendant Jones because they committed a tort in the States of Texas, which is the basis of this lawsuit.

8.      Pursuant to Texas Civil Practice and Remedies Code Section 15.002 (a)(1), venue is proper in Dallas County, Texas because all or a substantial part of the events or omissions that gave rise to the claim occurred in Dallas County, Texas.

## V.    FACTUAL BACKGROUND

9.      On or about May 20, 2009, Plaintiff was travelling westbound in her vehicle on Empire Central Drive in the left lane. As Plaintiff was in the process of turning left onto the southbound Stemmons Freeway service road. Defendant Obrien, who was travelling in a tractor truck that was towing two trailers, was also traveling westbound on Empire Central Drive and attempting to make a left turn onto the southbound Stemmons Freeway service road simultaneously with Plaintiff. Defendant Obrien, in attempting to make the left turn, struck Plaintiff's vehicle.

10.     Defendant Jones was the owner of the tractor truck and trailers driven and towed, respectively, by Defendant Obrien on the date of the accident. Defendant Obrien was a permissive user at the time of the accident.

11.     As a result of Defendant Jones' and Defendant Obrien's negligence, Plaintiff suffered and continues to suffer injuries.

## VI.   CAUSES OF ACTION

### A.   Negligence by Defendant Obrien

12.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11 above.

13.   At the time of the accident, Defendant Obrien operated the tractor truck driven by him in a negligent manner.  Defendant Obrien had a duty to exercise ordinary care and operate the tractor in a reasonable and prudent manner.

14.   Defendant Obrien breached that duty of care by:

a.   failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.   failing to apply the brakes to the tractor to avoid the collision in question;

c.   failing to apply the brakes to the tractor in a timely manner to avoid the collision in question;

d.   driving the tractor at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

e.   failing to turn the tractor to the right or to the left in an effort to avoid the collision in question;

f.   failing to maintain a safe distance between Plaintiff's vehicle and the tractor driven by Defendant Obrien;

g.   failing to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

h.   failing to operate a motor vehicle at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the highway;

i.   failing to give warning by sounding a horn;

j.   failing to drive within the statutory speed limit;

k.   failing to ascertain that movement from a lane of traffic could be safely made before moving from that lane; and

l.    failing to drive within one lane of traffic.

15.    Each of these acts and/or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## B.    Negligence by Defendant Jones

16.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 15 above.

17.    Defendant Jones was the owner and operator of the tractor truck and trailers that were involved in the accident made basis of this lawsuit.  Defendant Jones had a duty of care to Plaintiff.  Defendant Jones breached that duty in one or more of the following respects:

a.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business kept such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business applied the brakes to the vehicle being driven in order to avoid the collision in question;

c.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business applied the brakes to the vehicle being driven in a timely manner in order to avoid the collision in question;

d.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business drove the vehicle at a rate of speed that was greater than which an ordinarily prudent person would have driven under the same or similar circumstances;

e.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business turned to the right or to the left in an effort to avoid the collision in question;

f.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business maintained a safe distance between two vehicles;

g.    In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business operated at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

h. In failing to ensure that a party operating a vehicle on its behalf and in furtherance of its business operated the vehicle at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the highway;

i. In failing to ensure a party operating a vehicle on its behalf and in furtherance of its business gave warning by sounding a horn;

j. In failing to ensure a party operating a vehicle on its behalf and in furtherance of its business drove the vehicle within the statutory speed limit;

k. In failing to ensure a party operating a vehicle on its behalf and in furtherance of its business only moved from a lane of traffic after ascertaining that the move can be safely made; and

l. In failing to ensure a party operating a vehicle on its behalf and in furtherance of its business drove within one lane of traffic.

18.     Each of these acts and/or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

19.     In the alternative, Plaintiff would show that Defendant Jones had an affirmative duty to supervise and control its employee or agent while the employee or agent was acting within the course and scope of his employment and/or agency of Defendant Jones.  Defendant Jones failed to control and supervise its employee or agent while he was acting within the course and scope of his employment or agency, therefore, Defendant Jones breached its duty which proximately caused the injuries and damages sustained by Plaintiff.

C.          **Respondeat Superior**

20.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21.     Plaintiff would show that at all times relevant to the incident made the basis of this lawsuit; all acts were committed by employees, servants, or agents of Defendant Jones who were acting within the course and scope of their employment or agency with it.  Therefore, Defendant

Jones is vicariously liable for all of the acts and/or omissions of any of its employees, servants, and/or agents which were committed within the course and scope of their employment or agency with Defendant Jones.

## VII.   INJURIES

22.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

23.     As a result of the negligent conduct of Defendant Obrien and Defendant Jones, Plaintiff suffered severe bodily injuries as well as physical pain and suffering, and mental anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner into the future.

24.     By reason of all of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which she now sues.

## VIII.   DAMAGES

25.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 above.

26.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention to date.  These expenses were incurred for necessary care and treatment of the injuries resulting from the collision in question.  The charges are reasonable and were the usual and customary charges made for such service in the county in which the services were rendered.

27.     As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and treatment and will incur future reasonable and necessary expenses for her medical care and treatment.

28.     As a further result of the incident, Plaintiff sustained substantial lost wages.

## IX.   DISCOVERY

29.   Attached to this Original Petition are:

    a)    Plaintiff's Request for Disclosure to Defendant Obrien and Defendant Jones as Exhibit A;

    b)    Plaintiff's Request for Production to Defendant Obrien and Defendant Jones as Exhibit B;

    c)    Plaintiff's First Set of Interrogatories to Defendant Obrien as Exhibit C; and

    d)    Plaintiff's First Set of Interrogatories to Defendant Jones as Exhibit D.

These discovery requests are being served upon Defendant Obrien and Defendant Jones simultaneously with Plaintiff's Original Petition; therefore, Plaintiff requests that Defendant Obrien and Defendant Jones serve responses to these requests within fifty (50) days from the date of service.

## X.   PRAYER

WHEREFORE PREMISES CONSIDERED Plaintiff requests that Defendant Obrien and Defendant Jones be cited to appear and answer and that on final trial, Plaintiff have:

    1.    Physical pain in the past and future;

    2.    Mental anguish in the past and future;

    3.    Disfigurement in the past and future;

    4.    Physical impairment in the past and future;

    5.    Medical expenses in the past and future;

    6.    Lost wages in the past and future;

    7.    Prejudgment and Post-judgment interest at the highest legal rate until paid;

    8.    Costs of suit; and

    9.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

By: _____
Thomas M. Corea
Texas State Bar No. 24037906
Jessica Sharma Graham
Texas State Bar No. 24045967
Jon Godoy
Texas State Bar No. 24055558

Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, Texas 75270
Telephone:    214.953.3900
Facsimile:    214.953.3901

**ATTORNEYS FOR PLAINTIFF**

# Exhibit "A"

CAUSE NO. _____

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS, COUNTY TEXAS |
| | § | |
| ROBERTS OBRIEN, JR. AND JONES | § | |
| TRANSPORTATION, INC., | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANTS

TO:   Defendant Roberts Obrien, Jr. at 505 Five Points Road, Milner, Georgia, 30257 with Plaintiff's Original Petition.

Defendant Jones Transportation, Inc. at 5300 Kennedy Road, Forest Park, Georgia 30297 with Plaintiff's Original Petition.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant Roberts Obrien, Jr. and Defendant Jones Transportation, Inc. are requested to separately disclose the following materials and information no later than fifty (50) days after service of this request:

## REQUESTS FOR DISCLOSURE

**REQUEST FOR DISCLOSURE 194.2(a):**
The correct names of the parties to the lawsuit.

    **RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):**
The name, address, and telephone number of any potential parties.

    **RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):**
The legal theories and, in general, the factual bases of your claims and defenses.

    **RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):**
The amount and any method of calculating economic damages as required by Rule 194.2(d).

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):**
The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):**
For any testifying expert:
(1)     the expert's name, address, and telephone number;
(2)     the subject matter on which the expert will testify;
(3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
(4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
(A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(B)     the expert's current resumé and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):**
Any indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):**
Any settlement agreements described in Rule 192.3(g).

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):**
Any witness statements described in Rule 192.3(h).

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):**
In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(k):**
In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):**
The name, address, and telephone number of any person who may be designated as a responsible third-party.

**RESPONSE:**

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

By: _____

Thomas M. Corea
Texas State Bar No. 24037906
Jessica Sharma Graham
Texas State Bar No. 24045967
Jon Godoy
Texas State Bar No. 24055558

Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, Texas 75270
Telephone:    214.953.3900
Facsimile:    214.953.3901

**ATTORNEYS FOR PLAINTIFF**

# Exhibit "B"

CAUSE NO. _____

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS, COUNTY TEXAS |
| | § | |
| ROBERTS OBRIEN, JR. AND JONES | § | |
| TRANSPORTATION, INC., | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

TO:   Defendant Roberts Obrien, Jr. at 505 Five Points Road, Milner, Georgia, 30257 with Plaintiff's Original Petition.

Defendant Jones Transportation, Inc. at 5300 Kennedy Road, Forest Park, Georgia 30297 with Plaintiff's Original Petition.

Defendant Roberts Obrien, Jr. and Defendant Jones Transportation, Inc. are hereby notified to separately respond under oath to the Requests for Production hereinafter set forth within fifty (50) days from the date of service upon you in accordance with the Texas Rules of Civil Procedure. Pursuant to the Texas Rules of Civil Procedure, please provide Plaintiff Shavara Dixon with a list identifying all documents and tangible things that you claim are privileged and should not be produced in response to these Requests for Production.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

By: _____
     Thomas M. Corea
     Texas State Bar No. 24037906
     Jessica Sharma Graham
     Texas State Bar No. 24045967
     Jon Godoy
     Texas State Bar No. 24055558

Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, Texas 75270
Telephone:   214.953.3900
Facsimile:   214.953.3901

**ATTORNEYS FOR PLAINTIFF**

## I.   DEFINITIONS

A.  **You** or **your** means the party separately answering these production requests, either Defendant Roberts Obrien, Jr. or Defendant Jones Transportation, Inc.  These words also include all agents, employees, representatives, attorneys, and all other persons acting on the party's behalf.

B.  **Person** or **persons** includes natural persons, groups of natural persons acting in a collegial capacity (*e.g.*, a committee or counsel), corporations, partnerships, associations, trusts, joint ventures, and any other incorporated or unincorporated business, governmental, public or legal entity.  A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

C.  **Document** is used in the broadest sense and includes, but is not limited to, all original and non-identical copies, whether by reason or marginalia or other notes or alterations, and all preliminary or subsequent drafts of the following items (each draft, non-identical copy or marked version being a separate document), whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand, including, but not limited to: agreements; communications, including inter-company and intra-company communications; contracts; notes and records of oral communications; transcripts; reports; correspondence; telegraphs or telegrams; cables; telexes; memoranda; records; books; calendars; summaries, notes or records of personal conversations or interviews; diaries; graphs; charts; computer disks; e-mails; computer records; computer software; voicemail records or transcripts; diagrams; notebooks; note charts; plans; pictures; recordings; tapes; accounts; analytical records; summaries; notes or records of meetings or conferences; memoranda; opinions or reports of consultants or others; appraisals; reports or summaries of negotiations; market studies; corporate minutes or resolutions; photographs; motion picture film; video or audio tapes; brochures; pamphlets; bulletins; advertisements; circulars; advertising literature; press releases; drafts; letters; projections; working papers; checks (front and back); check stubs; receipts; deposit slips or other records; any information contained in any computer or information or data storage or retrieval devises; any marginalia comments appearing on or affixed to any paper or writing; and any other matter constituting a "document" or "tangible thing."

D.  **Date, date in question**, or **date of the incident** refers to the date of the accident as is alleged in Intervenor-Plaintiff's most recent petition.

E.  **Incident in question, incident forming the basis of this suit**, or **this action** means the incident forming the basis of this suit as alleged in Intervenor-Plaintiff's most recent petition.

F.  **Relate, related, relating, relate to, related to, relating to, concern, concerning, evidencing,** and **reflecting** mean, in addition to the words' broadest common meanings, referring to, having any relationship to, pertaining to, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, or constituting, directly or indirectly, in whole or in part, or otherwise factually, legally, or logically connected to the subject matter of the particular Request.

G. **Plaintiff** refers to Shavara Dixon.

H. **Defendant Obrien** refers to Defendant Roberts Obrien, Jr.

I. **Photograph** means and includes any pictures or photographs reproduced on paper or contained on computer disk, photographic reproductions, negatives, film, magnetic recordings, video recordings, digital recordings, tapes, DVDs, movies, microfilm, or microfiche recordings.

J. **And** means and/or.

K. **Or** means or/and.

L. **Vehicle** means the tractor truck driven and trailers towed by Defendant Roberts Obrien, Jr. at the time of the incident made the basis of this Lawsuit.

## II.   <u>PRIVILEGED OR PROPRIETARY DOCUMENTS</u>

If any document or other information requested is withheld on the basis of any claim of privilege or work product, or for any other reason is excludable from discovery, identify that document or requested information and the specific request to which the document or requested information relates. Also, for each such document or requested information withheld, you are required to produce a privilege log which for each document withheld or information that is redacted in anyway shall:

1. identify the person or persons who holds such information or who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown;

2. specify the date on which the document or information was prepared or transmitted;

3. identify the subject matter of the requested information or document;

4. describe the nature of the document (*e.g.*, letter, telegram, etc.);

5. state the number of pages, attachments, and appendices;

6. state the identity of each person who had access to, custody of, and/or received a copy of the information or document;

7. identify the present custodian;

8. state the reason why the information or document was not produced;

9. state briefly why the document or information is claimed to be privileged or to constitute work product, or why it is not otherwise discoverable; and

10. identify the request to which the information or document relates.

<u>**PLAINTIFFS FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**</u> – **Page 4 of 9**

If any document relates in any way to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

## III.   LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, persons having knowledge of the disposal, and persons disposing of the document.

## IV.   FIRST REQUEST FOR PRODUCTION

**REQUEST NO. 1:** Any and all settlement agreements, agreements to cooperate among parties, agreements to exchange or provide testimony from one party to another, agreements made pursuant to Texas Rule of Procedure 11, Mary Carter Agreements, agreements to withhold information or documents, agreements regarding indemnity, releases, agreements respecting non-execution of judgment, and all other agreements of any type whereby you have agreed with another party to this lawsuit to cooperate in any form, fashion, or manner, concerning this litigation.

**RESPONSE:**

**REQUEST NO. 2:** A complete copy of Defendant Roberts Obrien Jr.'s (hereinafter referred to as "Defendant Obrien") driver qualification file, including but not limited to:

    a.    A copy of Defendant Obrien's application for employment;

    b.    A copy of the response by each State agency concerning Defendant Obrien's driving record;

    c.    A copy of the certificate of Defendant Obrien's road test, or a copy of the license certificate which Defendant Jones Transportation, Inc. accepted as equivalent to Defendant Obrien's Road test;

    d.    The response of each State agency to the annual driver record inquiry Defendant Jones Transportation, Inc. submitted;

    e.    A copy of the note relating to the annual review of Defendant Obrien's driving record;

    f.    A copy of the list or certificate relating to violations of motor vehicle laws and ordinances (also known as Defendant Obrien's Driver Certification);

    g.    The medical examiner's certificate of Defendant Obrien's physical qualification to drive a commercial motor vehicle; and

    h.    A letter from the Field Administrator, Division Administrator, or State Director granting a waiving of physical disqualification, if a waiver was issued.

**RESPONSE:**

**REQUEST NO. 3:** A copy of Defendant Obrien's post-accident testing for alcohol or drugs in regard to the incident in question, and all documents related thereto, including, but not limited to, any documents generated in connection with any decisions made in regard to Defendant Obrien's post accident testing results.

**RESPONSE:**

**REQUEST NO. 4:** A copy of Defendant Obrien's driver's record of duty status for the date of the incident, the twenty (20) days prior to the date of the incident, and the twenty (20) days following the date of the incident.

**RESPONSE:**

**REQUEST NO. 5:** If at the time of the incident, Defendant Obrien was using an automatic on-board recording device, please produce hard copies of Defendant Obrien's Driver's record and duty status from the automatic on-board recording device Defendant Obrien was using on the date of the incident, the twenty (20) days prior to the date of the incident, and the twenty (20) days following the date of the incident.

**RESPONSE:**

**REQUEST NO. 6:** A copy of vehicle inspection reports for the Vehicle, for the date of the incident, the thirty (30) days prior to the date of the incident, and the thirty (30) days following the date of the incident.

**RESPONSE:**

**REQUEST NO. 7:** A copy of all inspection reports from January 1, 2005 through the date of the incident, for the Vehicle.

**RESPONSE:**

**REQUEST NO. 8:** All maintenance and repair records from January 1, 2005 through the date of the incident, for the Vehicle.

**RESPONSE:**

**REQUEST NO. 9:** All documents including, but not limited to, repair records, estimates, and invoices, for any repair work performed on the Vehicle in regards to the incident in question.

**RESPONSE:**

**REQUEST NO. 10:** Copies of all documents evidencing damage the Vehicle sustained as a result of that accident that forms the basis of this lawsuit.

**RESPONSE:**

**PLAINTIFFS FIRST REQUEST FOR PRODUCTION TO DEFENDANTS – Page 6 of 9**

**REQUEST NO. 11:**   All non-privileged letters, correspondence, memoranda, and communication from or to you relating to the incident forming the basis of this suit, created between the date of the incident, and the present.

**RESPONSE:**

**REQUEST NO. 12:**   All documents relating to Plaintiff and the identity of persons with knowledge of the facts and circumstances relevant to this action.

**RESPONSE:**

**REQUEST NO. 13:**   All documents reflecting any mechanical defect in the Vehicle at the time of the incident in question, including repair estimates and invoices.

**RESPONSE:**

**REQUEST NO. 14:**   All documents relating to ownership of the Vehicle at the time of the incident in question, including the title, bill of sale, and transfer of title.

**RESPONSE:**

**REQUEST NO. 15:**   All photographs, videotapes, diagrams, schematics, charts, or other graphic depictions of the accident scene or damages made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 16:**   All documents you intend to offer as evidence at the time of trial.

**RESPONSE:**

**REQUEST NO. 17:**   All investigation or accident reports relating to the incident made the basis of this suit including, but not limited to, investigation or accident reports prepared by any emergency service provider, police officers, sheriff department, fire department, or any other law enforcement agency.

**RESPONSE:**

**REQUEST NO. 18:**   All investigation materials, notes, or other material prepared by or on behalf of you concerning the accident made the basis of this lawsuit, other than those that are privileged.

**RESPONSE:**

**REQUEST NO. 19:** All notes, memos, and/or other writings made by you at the time of the incident in question or within the 24-hour period following the incident made the basis of the present lawsuit.

    **RESPONSE**:

**REQUEST NO. 20:** A copy of all insurance policies, including attachments and declaration pages, covering Defendant Obrien and/or the Vehicle in effect at the time of the incident in question.

    **RESPONSE:**

**REQUEST NO. 21:** All documents evidencing liability on behalf of Plaintiff in regard to this matter.

    **RESPONSE:**

**REQUEST NO. 22:** All documents that support your contention that you are not liable for the claims alleged by Plaintiff in this matter.

    **RESPONSE:**

**REQUEST NO. 23:** All documents supporting any defense you are asserting in response to the claims asserted by Plaintiff in this matter.

    **RESPONSE:**

**REQUEST NO. 24:** Copies of any citations, tickets, or written warnings given by any law enforcement official to Defendant Obrien on the date of the incident and the twenty (20) days following the date of the incident.

    **RESPONSE:**

**REQUEST NO. 25:** A complete copy of Defendant Obrien's employment/personnel file with Defendant Jones Transportation, Inc.

    **RESPONSE:**

**REQUEST NO. 26:** All documents reflecting your policies and/or procedures relating to background checks performed on employees and/or potential employees, including, but not limited to, employment records and company handbooks.

    **RESPONSE:**

**REQUEST NO. 27:** A copy of Defendant Obrien's driving record for the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 28:** All policies and procedures that were in place at the time of the accident regarding the training and supervision of your drivers.

**RESPONSE:**

**REQUEST NO. 29:** All audiotapes, videotapes, movies, films, and motion pictures, edited and unedited, taken by anyone, including, but not limited to, you and the agents, servants, representatives, or employees thereof, regarding any of the issues alleged in this lawsuit.

**RESPONSE:**

**REQUEST NO. 30:** All documents that have passed between you and any other person or entity regarding the incident in question, or the damages claimed resulted from the incident in question, excluding any documents subject to the attorney-client privilege.

**RESPONSE:**

**REQUEST NO. 31:** Any and all documents sent to you by Plaintiff after the incident in question which in any way relate to the incident in question.

**RESPONSE:**

**REQUEST NO. 32:** All documents and tangible things that have been made or prepared by an expert used for consultation purposes of said documents and materials that have been reviewed by any expert who may be called to testify at trial or by deposition in this case.

**RESPONSE:**

**REQUEST NO. 33:** Copies of any statements previously made by your agents, servants, employees or representatives concerning this Lawsuit.

**RESPONSE:**

**REQUEST NO. 34:** Any documents or other tangible items regarding Plaintiff's protected health information (whether all of the record or a portion thereof) obtained from any person, organization, or other source pursuant to the Health Insurance Portability and Accountability Act (commonly referred to as HIPAA).

**RESPONSE**

# Exhibit "C"

CAUSE NO. _____

| | | |
|---|---|---|
| SHAVARA DIXON,<br>　　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | DALLAS, COUNTY TEXAS |
| ROBERTS OBRIEN, JR. AND JONES<br>TRANSPORTATION, INC.,<br>　　　Defendants. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S SET OF INTERROGATORIES TO
## DEFENDANT ROBERTS OBRIEN, JR.

TO:　　Defendant Roberts Obrien, Jr. at 505 Five Points Road, Milner, Georgia, 30257 with Plaintiff's Original Petition.

　　　　Plaintiff Shavara Dixon ("Plaintiff") submits to Defendant Roberts Obrien, Jr.

("Defendant"), this First Set of Interrogatories in accordance with Rule 197 of the Texas Rules of

Civil Procedure, and requests that Defendant serve answers to these Interrogatories to The Corea

Firm, P.L.L.C. within fifty (50) days from the date of service of these Interrogatories.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

By: _____
     Thomas M. Corea
     Texas State Bar No. 24037906
     Jessica Sharma Graham
     Texas State Bar No. 24045967
     Jon Godoy
     Texas State Bar No. 24055558

Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, Texas 75270
Telephone:    214.953.3900
Facsimile:    214.953.3901

**ATTORNEYS FOR PLAINTIFF**

## I.

## <u>DEFINITIONS</u>

1.     **"You," "your,"** or **"Defendant"** means Roberts Obrien, Jr. the driver of the vehicle concerning this lawsuit. These words also include all agents, employees, representatives, attorneys, and all other persons acting on Defendant's behalf.

2.     **"Person"** refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

3.     **"Plaintiff"** means Shavara Dixon.

4.     **"Photograph"** means and includes any pictures or photographs reproduced on paper or contained on computer disk, photographic reproductions, negatives, film, magnetic recordings, video recordings, tapes, DVDs, movies, microfilm, or microfiche recordings.

5.     **"Document"** means and includes any paper, book, letter, contract, agreement, invoice, writing, memoranda, correspondence, note, receipt, canceled check, drawing, sketch, statements, carbon or photographic reproduction of any of the foregoing, or any other tangible object which permanently or semi-permanently record information for later use. The term also includes a hard copy print of any information stored by computer or any other electronic means.

6.     **"Written statement"** means any recording of statements made by a person who has knowledge of relevant facts regarding any of the events, conditions, or occurrences which are in controversy in the above-styled and numbered cause, as well as any transcription of any such statement and/or memoranda or writings concerning the statements made by such witnesses.

7.     When referring to an individual person, **"identify"** or **"identity"** means to state that person's full name, address, and telephone number.

8.     When referring to an entity other than an individual, **"identify"** or **"identity"** means to state the full legal name, present or last known principal place of business, address, type of legal entity, and the creation and/or state of incorporation.

9.     When referring to a document, **"identify"** or **"identity"** means to give a reasonable description thereof, its date, and the full name and the present or last known address of the person, firm, or corporation having possession, custody, or control thereof.

10.    **"Related to"** or **"relating to"** means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

11.    **"Incident," "incident in question," "accident," "accident in question," "occurrence,"** or **"occurrence in question"** means and refers to the incident which is alleged to have occurred according to Plaintiff's most recent petition, and all related preceding and subsequent events thereto.

12.    "**Vehicle**" means the tractor truck driven and trailers towed by Defendant Roberts Obrien, Jr. at the time of the incident in question.

## II.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your current legal name, every name you have used in the past, and the dates each name was used by you.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 2:** State the date and place of your birth and social security number.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 3:** If you had a valid driver's license at the time of the incident in question, please state:
    (a) The state in which the license was issued;
    (b) The dates of issuance and expiration;
    (c) The license number and type; and
    (d) All restrictions.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 4:** Please state the address of your current residence and all other residences for the past five years.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 5:** Identify each lawsuit in which you have been involved during the past ten years, stating the court in which each lawsuit was filed, the cause number of each suit, and the final dispositions or result of each lawsuit.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 6:** If you have been convicted of a felony or a misdemeanor in the past ten years, please state for each conviction: the state where you were convicted; the date of conviction; the offense; the cause number and style of the case; and the disposition of each conviction.

    <u>**ANSWER:**</u>

**INTERROGATORY NO. 7:**  If, at the time of the incident, you were acting as an agent or employee for any person, company and/or entity, please state the name, address and telephone number of the person, company and/or entity and a description of your duties.

**ANSWER:**

**INTERROGATORY NO. 8:**  If within 24 hours before the incident you consumed any alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or otherwise), please state:
  (a)  The natural name and/or description of each substance;
  (b)  The quantity of each substance used or taken;
  (c)  The date and time of day when each substance was used or taken;
  (d)  The identity of every person who was present when each substance was used or taken;
  (e)  The identity of each health care provider who prescribed or furnished each substance; and
  (f)  The condition under which each substance was prescribed or furnished.

**ANSWER:**

**INTERROGATORY NO. 9:**  If you contend that any person, other than yourself or Plaintiff, contributed to the occurrence of the incident in question or to the injuries or damages claimed by Plaintiff, please state the name, address and telephone number of each such person and all facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 10:**  If you claim that the Plaintiff made any admissions as to the subject matter of this lawsuit, state:
  (a)  The date made;
  (b)  The name and address of the person to whom it was made;
  (c)  Where made;
  (d)  The name and address of each person present at the time the admission was made; and
  (e)  The contents of the admission.

**ANSWER:**

**INTERROGATORY NO. 11:**  If you or your representative and Plaintiff have had any oral communication concerning the subject matter of this lawsuit, state:
  (a)  The date of the communication;
  (b)  The name and address of each participant;
  (c)  The name and address of each person present at the time of such communication;
  (d)  Where such communication took place; and
  (e)  A summary of what was said by each party participating in the communication.

**ANSWER:**

**INTERROGATORY NO. 12:** If you contend that the injuries or the extent of the injuries claimed by Plaintiff were not caused by the incident in question, please state all facts upon which you base your contention.

> **ANSWER:**

**INTERROGATORY NO. 13:** If you contend that any of the services furnished by any health care provider to Plaintiff were not necessary as a result of the incident, please state all facts upon which you base your contention.

> **ANSWER:**

**INTERROGATORY NO. 14:** If you contend that any of the costs of services furnished by any health care provider to Plaintiff were not reasonable as a result of the incident, please:
>    (a) Identify each cost; and
>    (b) State all facts upon which you base your contention.

> **ANSWER:**

**INTERROGATORY NO. 15:** Please describe your version of the accident or occurrence setting forth the date, time, location, and circumstance (*i.e.* weather conditions, traffic, etc.).

> **ANSWER:**

**INTERROGATORY NO. 16:** If you had a cellular telephone with you at the time of the accident or one installed in the Vehicle, please provide the name, address, and telephone number of the service provider and your cellular telephone number.

> **ANSWER:**

**INTERROGATORY NO. 17:** Describe in detail your account of how the accident allegedly occurred, setting forth completely and fully events leading up to and at the time of the collision, including what you did in the sequence of events leading up to the accident, and what you observed of the acts and conduct of the other vehicle or its driver involved in the accident.

> **ANSWER:**

**INTERROGATORY NO. 18:** As a result of said occurrence, were you issued a citation or a defendant in any criminal or traffic case? If your answer is "yes," please state the court, the case number, the charge or charges placed against you, whether you pleaded guilty thereof, and the disposition of such case.

> **ANSWER:**

**INTERROGATORY NO. 19:** With reference to the trip you were taking at the time of the accident herein, state: where it started; when it started; where it was scheduled to end; when you were due to arrive at your intended destination; the stops you had made prior to the collision; the stops which you intended making over the completion of your trip; and the reason or reasons for the trip.

**ANSWER:**

**INTERROGATORY NO. 20:** If you wear corrective lenses, contacts, glasses, hearing aids, or other devices which enable you to see or hear better than you would without such devices, were you wearing the corrective lenses, contacts, glasses, hearing aids, or other devices at the time of the accident?

**ANSWER:**

**INTERROGATORY NO. 21:** Have you ever been involved in any automobile accident prior or subsequent to the accident mentioned in Plaintiff's Petition? If so, give the date when each accident occurred, describe the accidents, and state whether or not there were any damages claimed by you as a result of such accident.

**ANSWER:**

**INTERROGATORY NO. 22:** Have you ever received a citation for a traffic violation prior to or subsequent to the accident mentioned in Plaintiff's Petition in the past ten (10) years? If so, give the date when each citation was received and identify the citation received.

**ANSWER:**

**INTERROGATORY NO. 23:** Give the substance and content of any conversations between you and the Plaintiff or any other persons at the time of or shortly after the alleged accident, identifying the persons with whom you had the conversations and giving the substance of each such conversation.

**ANSWER:**

# Exhibit "D"

CAUSE NO. _____

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS, COUNTY TEXAS |
| | § | |
| ROBERTS OBRIEN, JR. AND JONES | § | |
| TRANSPORTATION, INC., | § | |
|     Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JONES TRANSPORTATION, INC.

TO:    Defendant Jones Transportation, Inc. at 5300 Kennedy Road, Forest Park, Georgia 30297 with Plaintiff's Original Petition.

Plaintiff Shavara Dixon ("Plaintiff") submits to Defendant Jones Transportation, Inc.

("Defendant"), this First Set of Interrogatories in accordance with Rule 197 of the Texas Rules of

Civil Procedure, and requests that Defendant serve answers to these Interrogatories to The Corea

Firm, P.L.L.C. within fifty (50) days from the date of service of these Interrogatories.

Respectfully submitted,

THE COREA FIRM, P.L.L.C.

By: _____
    Thomas M. Corea
    Texas State Bar No. 24037906
    Jessica Sharma Graham
    Texas State Bar No. 24045967
    Jon Godoy
    Texas State Bar No. 24055558

Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, Texas 75270
Telephone:    214.953.3900
Facsimile:    214.953.3901

**ATTORNEYS FOR PLAINTIFF**

## I.  DEFINITIONS

1.  **"You," "your,"** or **"Defendant"** means Defendant Jones Transportation, Inc. These words also include all agents, employees, representatives, attorneys, and all other persons acting on Defendant's behalf.

2.  **"Person"** refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

3.  **"Plaintiff"** means Shavara Dixon.

4.  **"Photograph"** means and includes any pictures or photographs reproduced on paper or contained on computer disk, photographic reproductions, negatives, film, magnetic recordings, video recordings, tapes, DVDs, movies, microfilm, or microfiche recordings.

5.  **"Document"** means and includes any paper, book, letter, contract, agreement, invoice, writing, memoranda, correspondence, note, receipt, canceled check, drawing, sketch, statements, carbon or photographic reproduction of any of the foregoing, or any other tangible object which permanently or semi-permanently record information for later use.  The term also includes a hard copy print of any information stored by computer or any other electronic means.

6.  **"Written statement"** means any recording of statements made by a person who has knowledge of relevant facts regarding any of the events, conditions, or occurrences which are in controversy in the above-styled and numbered cause, as well as any transcription of any such statement and/or memoranda or writings concerning the statements made by such witnesses.

7.  When referring to an individual person, **"identify"** or **"identity"** means to state that person's full name, address, and telephone number.

8.  When referring to an entity other than an individual, **"identify"** or **"identity"** means to state the full legal name, present or last known principal place of business, address, type of legal entity, and the creation and/or state of incorporation.

9.  When referring to a document, **"identify"** or **"identity"** means to give a reasonable description thereof, its date, and the full name and the present or last known address of the person, firm, or corporation having possession, custody, or control thereof.

10.  **"Related to"** or **"relating to"** means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

11.  **"Incident," "incident in question," "accident," "accident in question," "occurrence,"** or **"occurrence in question"** means and refers to the incident which is alleged to have occurred according to Plaintiff's most recent petition, and all related preceding and subsequent events thereto.

12.  **"Vehicle"** means the tractor truck driven and trailers towed by Defendant Roberts Obrien, Jr. at the time of the incident in question.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JONES TRANSPORTATION, INC – Page 2 of 5**

## II.    FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  If you contend that any person, other than yourself or Plaintiff, contributed to the occurrence of the incident in question or to the injuries or damages claimed by Plaintiff, please state the name, address and telephone number of each such person and all facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 2:**  If you claim that the Plaintiff made any admissions as to the subject matter of this lawsuit, state:
- (a) The date made;
- (b) The name and address of the person to whom it was made;
- (c) Where made;
- (d) The name and address of each person present at the time the admission was made; and
- (e) The contents of the admission.

**ANSWER:**

**INTERROGATORY NO. 3:**  If you or your representative and Plaintiff have had any oral communication concerning the subject matter of this lawsuit, state:
- (a) The date of the communication;
- (b) The name and address of each participant;
- (c) The name and address of each person present at the time of such communication;
- (d) Where such communication took place; and
- (e) A summary of what was said by each party participating in the communication.

**ANSWER:**

**INTERROGATORY NO. 4:**  If you contend that the injuries or the extent of the injuries claimed by Plaintiff were not caused by the incident in question, please state all facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 5:**  If you contend that any of the services furnished by any health care provider to Plaintiff were not necessary as a result of the incident, please state all facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 6:**  If you contend that any of the costs of services furnished by any health care provider to Plaintiff were not reasonable as a result of the incident, please:
    (a) Identify each cost; and
    (b) State all facts upon which you base your contention.

    **ANSWER:**

**INTERROGATORY NO. 7:**  Please describe your version of the accident or occurrence setting forth the date, time, location, and circumstance (*i.e.* weather conditions, traffic, etc.).

    **ANSWER:**

**INTERROGATORY NO. 8:**  Describe in detail your account of how the accident allegedly occurred, setting forth completely and fully events leading up to and at the time of the collision.

    **ANSWER:**

**INTERROGATORY NO. 9:**  Give the substance and content of any conversations between you and the Plaintiff or any other persons at the time of or after the alleged accident, identifying the persons with whom you had the conversations and giving the substance of each such conversation.

    **ANSWER:**

**INTERROGATORY NO. 10:**  If prior to the incident in question, you had allowed Defendant Roberts Obrien, Jr. to drive the Vehicle, provide the date of each incidence and describe the circumstances under which you allowed him to drive the vehicle.

    **ANSWER:**

**INTERROGATORY NO. 11:**  Describe the circumstances under which you allowed Defendant Roberts Obrien, Jr. to drive the Vehicle at the time of the incident in question.

    **ANSWER:**

**INTERROGATORY NO. 12:**  Identify any and all individuals or entities who worked on the Vehicle two years prior to the date of the incident.

    **ANSWER:**

**INTERROGATORY NO. 13:**  If you were aware that the Vehicle was not in good working order prior to the time of the incident made the basis of this suit, please state:

    (a)    the time you became aware that the Vehicle was not in good working order;
    (b)    the name, business and residence address, and telephone number of each individual who notified you the Vehicle was not in good working order; and

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JONES TRANSPORTATION, INC – Page 4 of 5**

(c) each step taken or intended to be taken to fix and/or maintain the Vehicle that was not in good working order.

**ANSWER:**

**INTERROGATORY NO. 14:** Prior to the incident made basis of this lawsuit, identify and describe the each time you maintained and/or inspected the Vehicle two years prior to the date of the incident.

**ANSWER:**

# EXHIBIT 3

# OFFICIAL RECEIPT

## DALLAS COUNTY OFFICIAL RECEIPT GARY FITZSIMMONS, DISTRICT CLERK

| Payor | Receipt No |
|---|---|
| THE COREA FIRM PLLC | **27056-2011-DCLK** |

Transaction Date
04/27/2011

| Description | Amount Paid |
|---|---|
| DIXON, SHAVARA | |
| DC-11-05253 | |
| SHAVARA DIXON vs. ROBERTS OBRIEN, Jr. | |
| FILING FEES (CIVIL) | 211.33 |
| ISSUE CITATION | 13.67 |
| **SUBTOTAL** | 225.00 |
| Remaining Balance Due: $38.00 | |

| PAYMENT TOTAL | 225.00 |
|---|---|

| CHECK (Ref #124) Tendered | 225.00 |
|---|---|
| Total Tendered | 225.00 |
| Change | 0.00 |

| 04/27/2011 | Cashier | Audit |
|---|---|---|
| 09:04 AM | Station DC103 | 55391902 |

## OFFICIAL RECEIPT

# OFFICIAL RECEIPT

## DALLAS COUNTY OFFICIAL RECEIPT GARY FITZSIMMONS, DISTRICT CLERK

Payor
THE COREA FIRM PLLC

Receipt No.
**27807-2011-DCLK**

Transaction Date
05/2/2011

| Description | Amount Paid |
|---|---|
| DIXON, SHAVARA | |
|     DC-11-05253 | |
|     SHAVARA DIXON vs. ROBERTS OBRIEN, Jr. | |
|         FILING FEES (CIVIL) | 35 67 |
|         ISSUE CITATION | 2.33 |
|         SUBTOTAL | 38.00 |
|         Remaining Balance Due:  $0.00 | |

**PAYMENT TOTAL** | **38.00**

CHECK (Ref #157) Tendered | 38.00
Total Tendered | 38.00
Change | 0.00

| 05/02/2011 | Cashier | Audit |
|---|---|---|
| 08 41 AM | Station DC103 | 55399662 |

## OFFICIAL RECEIPT

# EXHIBIT 4

CAUSE NO. 11-5253-E

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROBERTS OBRIEN, JR., et al., | § | |
| | § | |
| Defendants. | § | 101ST JUDICIAL DISTRICT |

## NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with no activity. Because of this, please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

**9:00 a.m. on July 22, 2011**

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Dated this 28th day of June, 2011.

_____
JUDGE PRESIDING

**NOTICE OF STATUS CONFERENCE** – Solo Page

# EXHIBIT 5



THE COREA FIRM, PLLC

RENAISSANCE TOWER
The Forty First Floor
1201 Elm Street, Suite 4150
Dallas, Texas 75270

Claudia Jackson                                               T: 214.953.3900
cjackson@corealaw.com                                         F: 214.953.3901

July 5, 2011

**VIA FIRST CLASS MAIL**

Rhonda Brooks
101st District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce St.
Box 685
Dallas, TX 75202

Re:   *Shavara Dixon v. Roberts Obrien, Jr. and Jones Transportation*
      *Cause No. 11-5253-E*

Dear Clerk of the Court:

Our office would like to request an extension on the Final Disposition Hearing set for July 22, 2011 at 9:00 a.m. Due to a major problem with mail delivery, we did not receive the citations until June 22, 2011 and the citations were sent out immediately for service.

If you have any questions or need any additional information, please feel free to contact me.

Best regards,

Claudia Jackson
Paralegal

/cjj

# EXHIBIT 6

CAUSE NO. 11-5253-E

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROBERTS O'BRIEN, JR., et al., | § | |
| | § | |
| Defendants. | § | 101ST JUDICIAL DISTRICT |

## NOTICE OF STATUS CONFERENCE

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

**9:00 a.m. on August 26, 2011**

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Dated this 21st day of July, 2011.

_____
JUDGE PRESIDING

**NOTICE OF STATUS CONFERENCE** – Solo Page

CAUSE NO. 11-5253-E

| | | |
|---|---|---|
| SHAVARA DIXON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROBERTS O'BRIEN, JR., et al., | § | |
| | § | |
| Defendants. | § | 101ST JUDICIAL DISTRICT |

## NOTICE OF STATUS CONFERENCE

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

### 9:00 a.m. on August 26, 2011

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Dated this 21st day of July, 2011.

JUDGE PRESIDING

**NOTICE OF STATUS CONFERENCE** – Solo Page

# EXHIBIT 7

MAIL ATTY

# CITATION

## DC-11-05253

SHAVARA DIXON
vs.
ROBERTS OBRIEN JR, et al

ISSUED THIS
3rd day of May, 2011

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: Shelia Bradley, Deputy

**Attorney for Plaintiff**
Jon Godoy
1201 Elm Street 41st Floor
Dallas Tx 75270
214-953-3900

DALLAS COUNTY CONSTABLE

FILED

2011 JUL 22 AM 11: 22

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS COUNTY TEXAS

_____ DEPUTY

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

JONES TRANSPORTATION INC
SERVE REGISTERED AGENT JONES TRANSPORTATION INC
5300 KENNEDY ROAD
FOREST PARK GA 30297

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition **AND FIRST SET OF DISCOVERY**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 101st District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHAVARA DIXON**

Filed in said Court 22nd day of April, 2011 against

**ROBERTS OBRIEN JR AND JONES TRANSPORTATION INC**

For Suit, said suit being numbered DC-11-05253, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this 3rd day of May, 2011.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        Shelia Bradley

# Affidavit of Process Server

_DALLAS COUNTY - 101ST DISTRICT COURT_
(NAME OF COURT)

_Shavara Dixon_ vs _Roberts Obrien Jr and Jones Transportation_ DC-11-05253
PLAINTIFF/PETITIONER          DEFENDANT/RESPONDENT          CASE NUMBER

I _Calvin Baker_ , being first duly sworn, depose and say:  that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served _Jones Transportation, Inc - Through Its Registered Agent_
NAME OF PERSON / ENTITY BEING SERVED

with (list documents)_____

by leaving with _____ At _____
                        NAME                          RELATIONSHIP

☐ Residence_____
                ADDRESS                    CITY / STATE

☑ Business _5230 Feldwood Rd_    _College Park GA 30349_
                ADDRESS              CITY / STATE

On_ 7-July-2011 _ AT _1:00 PM_
        DATE                  TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
                                                                                    DATE

from_____
        CITY        STATE        ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

**Service Attempts:** Service was attempted on: (1) _7-7-11_ _1:00pm_ (2) _____
                                                    DATE        TIME              DATE        TIME
(3)_____ (4)_____ (5)_____
    DATE       TIME          DATE       TIME          DATE       TIME

**Description:.** Age_40_ Sex_M_ Race_white_Height_6'1_ Weight_225_Hair_Blk_Beard____ Glasses____

_Calvin Baker_
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___, by _____
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Dale Bolton_
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of_____

OCIATION OF PROFESSIONAL PROCESS SERVERS

21354

**07/21/2011**

**Statement of Cost**

**Executive Process, LLC**
2017 Young Street, Dallas, TX 75201, Phone: 214−748−4200, Fax: 214−748−4206

**CASE NO.: DC−11−05253**

| | | |
|---|---|---|
| Shavara Dixon | § | IN THE  Dallas County 101st District Court |
| | § | |
| Plaintiff(s) | § | |
| vs | § | Dallas COUNTY, TX |
| | § | |
| Roberts Obrien, Jr. and Jones Transporation, Inc. | § | |
| | § | |
| Defendant(s) | | |

**Total Cost To Date: $120.00**